Smith vs Carder.      ·

---

### SMITH v. CARDER.

1.  LIMITATION.: *Pleading.*
    The statute of limitations of five years is not applicable to an action on a writing obligatory executed before the adoption of the Constitution of 1868.

2.  ——— ———
    The defendant, with intention to become surety on a note, wrote his name on a blank paper and left it with the principal, who afterwards wrote the body of the note and signed his own name above that of the surety, and attached a seal to each name.   Held, that the defendant was not bound by the instrument.

ASSIGNMENT : *Of writing obligatory not governed by law merchant.*
    The statute making writings obligatory assignable so as to vest the legal title and right of action in the assignee, did not put them upon the footing of commercial paper, and bring them within the rules of the law merchant. Assignees took them at their peril as to defenses.

APPEAL from *Desha* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

Smith vs. Carder.

*McCain*, for appellants.

*Pindall—Weatherford, contra.*

ENGLISH, C. J. :

Action upon the following instrument as a writing obliga--
tory :

"$5,120.36.   On the first day of January next, we, or
either of us, promise to pay to James W. Felts, as the execu--
tor of the estate of John F. Smith, deceased, the sum of five
thousand, one hundred and twenty (36-100) dollars, to bear
interest at the rate of ten per cent per annum, value received.

                    "THOS. FLETCHER,   [Seal.]
                    "W. M. CARDER,    [Seal.]
                    "J. N. ALLMUND,    [Seal.]

"January 18, 1860."

The instrument was delivered by Fletcher, the principal, to
Felts, executor of Smith, for slaves purchased by him at a
public sale made by Felts, of the property of his testator,
under an order of the Probate Court of Arkansas county.

Felts endorsed the obligation, without recourse, to John W.
Simpson, the guardian of the plaintiff in this suit, then a
minor, who was a son and legatee of John F. Smith, and after
the plaintiff (Richard H. Smith), became of age, Simpson
delivered the obligation to him.

The plaintiff commenced this suit in the Circuit Court of
Desha county, against W. M. Carder, April 3, 1874.

The defendant pleaded, Code fashion, *non est factum*, and
limitation of five and of ten years.

The court sustained a demurrer to the paragraph of the
answer setting up five years as a bar.

Verdict and judgment for defendant, the court refused
plaintiff a new trial, and he took a bill of exceptions and
appealed to this court.

I. The instrument sued on bearing date before the adoption of the Constitution of 1868, which abolished private seals, and appearing on its face to be under seal, or a writing obligatory, the statute of limitations of ten years, and not of five, was applicable. *Gould's Digest*, Sec. 15, chap. 110 ; *Dyer* v. *Gill*, 32 Ark., 410. .

The instrument matured 1st of January, 1861, and saying nothing of a payment made upon it by Fletcher 1st of March, 1864, but counting out the period of the civil war, during which the running of the statute was suspended, the action was not barred when commenced. *Shinn* v. *Tucker*, *MS*.

II. On the trial the testimony introduced by appellant conduced to prove that the body of the obligation and the three seals were in the hand-writing of Fletcher, and written, perhaps, with a different ink from that with which the signature of appellee was written.

Appellee proved that before the sale of the slaves Fletcher called at his office and asked him to sign a note for him, but having no note written, at the request of Fletcher he wrote his name upon a blank sheet of paper, which he supposed was taken out of the office by Fletcher.

The court below, in its instructions to the jury, followed the decision of this court in *Cross* v. *State Bank*, 5 Ark., 525, where it was held that "a writing purporting to be a bond, signed and sealed by a party with a blank left for the sum, which blank is afterwards filled and the writing delivered by one not authorized under seal, is not the deed of the party signing and sealing. The rule is otherwise as to promissory notes and bills of exchange."

This is a stronger case against appellant than the one cited. There the party signed and sealed the instrument in blank, as to the sum. Here, appellee wrote his name upon a sheet of blank paper, and Fetcher, without other than implied verbal

authority, wrote the body of the instrument, affixed a seal to the signature of appellee and delivered it to Felts after the purchase of the slaves.

By statute in force at the time the instrument bears date, writings obligatory were made assignable, so as to vest the legal title and right of action in the assignee, but they were not put upon the footing of commercial paper and governed by the law merchant. Hence persons taking them took them at their peril as to defenses. *Gould's Digest*, chap. 15, Sec. 3.

.The cases cited by counsel for appellant are unlike the one now before us. The bonds on which the obligors were sought to be charged, were complete in body and seals when they were signed. See *Nash* v. *Fugate*, 24 Grattan, 202, where similar cases are reviewed.

In this case appellee wrote his name on a blank sheet of paper, and afterwards, when he was not present, and without competent authority from him, the whole instrument was written over his name, and a seal made for him.

No intentional wrong is imputed to the principal maker of the instrument. He made a payment upon it, and would, doubtless, have paid the whole debt if he had not been broken down in his fortune by disasters of the civil war. He made free use of the name of a confiding friend, but he could not legally bind him by writing the body of a bond over his name and adding a seal, though he might have bound him by making a commercial instrument.

Affirmed.